# CIRCUIT COURT OF THE CITY OF NORFOLK

Meeks Disposal Corp.

v.

Circle South, L.L.C., et al.

November 5, 2009

Case No. (Civil) CL09-2859

BY JUDGE KAREN J. BURRELL

This matter came before the court on September 17, 2009, on defendant, Circle South, L.L.C.'s Motion for Summary Judgment. The Court took the matter under advisement, advised counsel of its decision to deny the motion on September 24, 2009, and then heard a Motion for Reconsideration on October 26, 2009.

After careful review and consideration of the pleadings, arguments of counsel, and authorities submitted, the Motion for Summary Judgment is denied. The Court finds that, under these circumstances, the language contained in Va. Code Ann. § 3-4, providing that the clerk in whose office the memorandum [of mechanic's lien] is filed shall record and index the same and that, from the time of such recording and indexing, all persons shall be deemed to have notice thereof, does not defeat plaintiff's claim. Assuming that recordation and indexing are required to perfect a lien against "the rest of the world," such is not required to perfect the lien against the defendant, Circle South, L.L.C., the owner of the property. The Court is of the opinion that plaintiff, a sub-contractor, perfected its lien against the defendant, Circle South, L.L.C., when it filed the memorandum of mechanic's lien pursuant to Va. Code Ann. § 3-4, and provided notice to the defendant, pursuant to Virginia Code Ann. § 3-7. Given that the lien is perfected against the defendant, Circle South, L.L.C., it is immaterial whether or not the lien is perfected against anyone else. As such, the Motion for Summary Judgment is denied.